**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CRYPTON FUTURE MEDIA, INC., | |
| Plaintiff, | Case No. 26-cv-4920 |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | Hon. Elaine E. Bucklo |
| Defendants. | |

**DECLARATION OF SOFIA QUEZADA HASTINGS
IN SUPPORT OF MOTION FOR ELECTRONIC SERVICE OF PROCESS**

I, Sofia Quezada Hastings, declare as follows:

1.     My name is Sofia Quezada Hastings. I am an attorney at the law firm of Aronberg Goldgehn Davis and Garmisa, located at 225 W. Washington St. Suite 2800, Chicago IL 60606. I am an attorney, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff. Unless expressly stated otherwise, I have personal knowledge of the facts stated herein, and, if called upon, I could and would testify fully as to them.

2.     Off-shore e-commerce store operators offer for sale products using counterfeit trademarks often: (1) provide misleading or incomplete names and physical address information enabling them to conceal their locations and avoid liability for their unlawful conduct; and (2) rely on electronic communications systems, such as those provided with third-party store hosting sites (for example, WeChat messaging provided through AliExpress.com) to communicate with their third-party service providers and customers. In my experience and knowledge of trademark and intellectual property infringement investigations and case law, even if a purported address is

provided on an e-commerce store, there is a substantial likelihood that it is not a legitimate, monitored location. E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operations in similar cases in this District. And other cases have demonstrated that Defendants served through electronic messages are able to identify the case, retain counsel, and appear before this Court in a timely manner. Defendants are likely to confirm receipt of actual notice via e-mail. When sending an electronic message, a record of the message is stored electronically unless deleted, and a record of having sent the message may be stored as well.

3. An investigation of the e-commerce stores operating under Seller Aliases identified in Schedule A to the Complaint revealed that few, if any, provide a physical address on the e-commerce store. In most instances, Defendants must provide an e-mail address, an electronic messaging address, and/or physical address to third-party online marketplace platforms such as AliExpress, and Walmart.com when registering their account. However, Wish.com does not provide any reliable information regarding the identity of the seller or the ability to contact the seller directly. Many of the sellers of infringing products sell other products, and it behooves the sellers to maintain and monitor the electronic messaging accounts associated with the seller accounts so that they can communicate with customers about orders. However, in the case of physical addresses, such sites' terms and conditions provide no indication that the physical address is ever verified. Since an e-commerce store operator can input any physical address, such addresses may be false and/or not where the e-commerce store operator is located. Even if such a physical address is available, it is not a reliable means for identifying and locating Defendants.

4. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), to which China, Hong Kong, and numerous other countries are signatories. The Hauge Convention does not

preclude service by electronic messaging means. According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." In this case, despite investigation, Plaintiff has not been able to reasonably confirm the true identity and therefore true address of the Seller Alias Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: May 12, 2026

Signed: / *Sofia Quezada Hastings* /

Printed: Sofia Quezada Hastings

4880-2298-2799, v. 1

3