

**BC**

**FILED**

6/18/2026

**JKS**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CRYPTON FUTURE MEDIA, INC.,** | Case No. 26-cv-04920 |
| Plaintiff, | |
| | Hon. Elaine E. Bucklo |
| v. | |
| | (Filed by Defendant Li Jun Yu, |
| **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,** | eBay seller "lazyfishdesigns") |
| Defendants. | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (DKT. 20)

Defendant Li Jun Yu, the individual operating the eBay seller account "lazyfishdesigns," appearing pro se, respectfully submits this response in opposition to Plaintiff's Motion to Strike Docket Entries 16–18 (Dkt. 20). The motion should be denied. In support, Defendant states:

**Introduction**

Plaintiff asks the Court to strike Defendant's Motion for Access to Sealed Documents (Dkt. 16) and Motion to Dissolve or Modify the Asset Restraint (Dkt. 18) on a single ground: that the defendant is a business entity that may not litigate without counsel. The premise is unproven and the remedy is excessive.

The filings at Docket Entries 16–18 were made by Li Jun Yu, a natural person who personally makes and sells the handmade items offered through the store identified as "lazyfishdesigns" and who personally operates that store. A natural person has the right under 28 U.S.C. § 1654 to conduct his own case. Plaintiff identifies no corporation by name, attaches no incorporation record, and rests entirely on an account-type label. And the one document that identifies how the defendant is named and in what capacity—the Schedule A (Dkt. 2)—remains

under seal and has been withheld even from Defendant, whose pending motion for access to it (Dkt. 16) is among the very filings Plaintiff now seeks to strike.

**Argument**

**I.  A natural person may proceed pro se, and the challenged filings were made by a natural person.**

Federal law guarantees that parties "may plead and conduct their own cases personally." 28 U.S.C. § 1654. That right belongs to Li Jun Yu, a natural person. He personally makes the items sold through the store identified as "lazyfishdesigns," personally operates that store, and is the real party in interest behind the filings at Docket Entries 16–18.

Each authority Plaintiff cites concerns an artificial entity—a corporation or comparable organization—attempting to litigate without counsel. United States v. Hagerman and the remaining cases Plaintiff relies upon stand only for the proposition that a corporation cannot represent itself; none addresses, much less displaces, a natural person's statutory right of self-representation. The dispositive question is the capacity in which the defendant is sued—and a natural person who makes and sells the goods himself does not forfeit his § 1654 right merely because Plaintiff attaches the label "business" to his store.

Plaintiff's own pleading underscores the point. The Complaint names "The Partnerships and Unincorporated Associations Identified on Schedule A." Plaintiff cannot plead the defendants as unincorporated associations and, in the same breath, insist that this defendant is an incorporated entity that must appear through counsel.

**II. Plaintiff has not shown the defendant is an entity requiring counsel, and the document that would decide the question is sealed.**

As the movant, Plaintiff bears the burden. Yet Plaintiff names no corporation, attaches no incorporation record, and offers nothing beyond an account-type designation to support its assertion that the defendant is a "business entity." That is not a showing that the defendant is an organization that must appear through counsel.

The deficiency is compounded by Plaintiff's own sealing. The Schedule A (Dkt. 2) identifies how each defendant is named in this action, and it is sealed. Defendant's motion for access to that document (Dkt. 16) is pending—and is itself one of the filings Plaintiff asks the Court to strike. Plaintiff thus seeks to fix the defendant's party status while simultaneously withholding the document that defines it and opposing Defendant's access to it. A litigant cannot fairly be bound by the contents of a document he has never been permitted to see. On this record, the Court cannot conclude that the defendant is a corporation that must be represented by counsel.

**III. If counsel is required, the appropriate remedy is a reasonable opportunity to obtain counsel, not striking.**

Even where a party is an entity that must appear through counsel, the ordinary and appropriate course is to afford a reasonable opportunity to retain counsel before striking filings or entering default. Striking Docket Entries 16–18 now would cause concrete prejudice without reaching the merits: it would erase a motion seeking access to sealed materials and a motion challenging an asset restraint that is presently freezing the income on which Defendant's household depends. Should the Court determine that counsel is required, Defendant respectfully requests, in the alternative, a reasonable period of not less than thirty (30) days to retain counsel.

**IV.  Plaintiff cannot demand that Defendant retain counsel while holding frozen the funds that would pay for it.**

Plaintiff's motion insists that Defendant appear through counsel. At the same time, Plaintiff holds frozen Defendant's entire account—C$16,221.70 as of June 18, 2026, and growing—to secure an accounting of profits that cannot exceed approximately C$1,500, a restraint more than ten times any possible recovery. Defendant has no other funds with which to retain an attorney; the restraint has frozen the means of complying with the very requirement Plaintiff seeks to impose. Defendant's pending Motion to Dissolve or Modify the Asset Restraint (Dkt. 18) already seeks release of those funds. A requirement to retain counsel within a fixed period is illusory while Defendant has no access to money to pay for it. The Court should deny the motion to strike; in the alternative, if it concludes that counsel is required, it should order the release of a sum sufficient to retain counsel—the relief Dkt. 18 already seeks—and measure any period to retain counsel from the date those funds are released, so that the opportunity to comply is real and not illusory.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court:

(1) deny Plaintiff's Motion to Strike (Dkt. 20) and permit Li Jun Yu to proceed on his own behalf; or, in the alternative,

(2) if the Court concludes that Defendant must appear through counsel, order the release from the restrained account of a sum sufficient to retain counsel—the relief Defendant's pending Motion to Dissolve or Modify the Asset Restraint (Dkt. 18) already seeks; and

(3) allow Defendant a reasonable period of not less than thirty (30) days, running from the release of those funds, to retain counsel before entering any order striking his filings.

Dated: June 18, 2026

Respectfully submitted,

s/ Li Jun Yu
Li Jun Yu, Defendant, pro se
partners@winteryutami.com
PO Box 40014, RPO Liberty Village, Toronto, ON M5V 0K7, Canada
647-704-8313

## DECLARATION OF LI JUN YU

I, Li Jun Yu, declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the following is true and correct:

1. I am a natural person residing in Toronto, Ontario, Canada. I make this declaration on personal knowledge.

2. I personally make and sell the handmade items offered through the eBay seller account "lazyfishdesigns," and I personally operate that account. I prepared and submitted the documents filed at Docket Entries 16–18 in this action.

3. The account has been restrained in its entirety. I cannot access or withdraw any funds; the restraint reaches my entire account balance. As of approximately 7:48 a.m. Eastern on June 18, 2026, the restrained balance was C$16,221.70, and it continues to grow as my lawful sales settle. The maximum profit I could have realized on the accused sales is no more than approximately C$1,500.

4. I do not have other funds available to retain an attorney. The restraint of my account has left me without accessible funds to retain the counsel Plaintiff's motion demands.

Executed on June 18, 2026.

s/ Li Jun Yu
Li Jun Yu

## CERTIFICATE OF SERVICE

I certify that on June 18, 2026, I served a copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion to Strike on Plaintiff's counsel by email to shastings@agdglaw.com.

s/ Li Jun Yu
Li Jun Yu, Defendant, pro se