IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Crypton Future Media, Inc.,  )
                             )
          Plaintiff,         )
                             )
    v.                       )   No. 26 C 4920
                             )
                             )
The Partnerships and         )
Unincorporated Associations  )
Identified on Schedule A     )
                             )
          Defendants.        )
                             )
                             )

Order

Plaintiff filed this case for trademark violation, counterfeiting, false designation of origin, and related state claims against 126 defendants, one of which it identifies as "lazyfishdesigns." Although the case caption names as defendants the "Partnerships and Unincorporated Associations Identified on Schedule A," its allegations describe defendants as "individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A[.]" Compl., ECF 1 at ¶ 12.

On May 29, I entered a temporary restraining order that included, among other things, a temporary asset restraint. ECF 10. On June 16, an individual named Li Jun Yu, appearing pro se, moved

to dissolve or modify the restraint as applied to the eBay account of "lazyfishdesigns." The motion states that the amount frozen, which was initially around $8,567 and had grown to approximately $11,244, is grossly disproportionate to lazyfishdesigns's profit from sales of the accused products, which does not exceed approximately $1,071, or less than a tenth of the value of assets frozen as of June 16, 2026.[1] The motion also states that Li Jun Yu's eBay sales are the primary source of income for his household of two adults and two minor children and argues that the equities favor modifying or eliminating the asset freeze.

Rather than respond to these arguments, plaintiff moved to strike the motion on the ground that lazyfishdesigns is an entity that must appear, if at all, through counsel. Plaintiff is correct as a legal matter, *see United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008), but as a factual matter, there is nothing in the record to indicate that "lazyfishdesigns" is an entity with a separate legal existence from the individual Li Jun Yu.

In support of his motion to amend, Mr. Li refers to himself as "Defendant Li Jun Yu, operating the eBay seller account "lazyfishdesigns[.]" Similarly, in the declaration accompanying his response to plaintiff's motion to strike, Mr. Li states that

---

[1] Li Jun Yu, who is a resident of Canada, provides all amounts in both Canadian and US dollars. For simplicity, I refer only to the US dollar amounts.

he is "the individual operating the eBay seller account 'lazyfishdesigns.' I personally make and sell the handmade items offered through that account, and I personally operate it." ECF 29 at ¶ 1. A reasonable interpretation of these statements is that "lazyfishdesigns" is nothing more than the username Mr. Li uses when selling items in his personal capacity on eBay. Another plausible interpretation is that "lazyfishdesigns" is a sole proprietorship, which "has no legal identity separate from the proprietor himself." *Hagerman*, 545 F.3d at 581. In either event, this defendant need not appear through counsel. Plaintiff's motion to strike is denied.

Mr. Li also declares that his eBay records reflect that his gross revenues from sales of the accused products between November 22, 2025 and June 3, 2026 is approximately $1,234. ECF 29 at ¶ 4. He states further that upon learning of this case, he "removed all accused listings" and has "made no sales of any accused products" since the freeze. *Id.* at ¶ 6. Plaintiff does not dispute these facts. Additionally, Mr. Li reiterates in his declaration facts he asserted in his motion concerning the importance of his eBay income to his household. *See id.* at ¶ 7.

Based on the parties' submissions to date, I conclude that modification of the asset restraint imposed on defendant Li Jun Yu a/k/a lazyfishdesigns is appropriate. Accordingly, the motion to

modify the temporary restraining order is granted.[2] The asset freeze on this defendant's eBay account may remain in place pursuant to paragraph 6(b) of the preliminary injunction I entered on June 26, 2026, but it may not exceed US$1,500 (or the equivalent in Canadian dollars).

Plaintiff is directed to forward this order to eBay forthwith.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 2, 2026

---

[2] I granted plaintiff's motion to extend the TRO until June 26, 2026, after which it expired by operation of law. So technically, Mr. Li's motion is moot; but I understand that platforms such as eBay frequently require a judicial order such as this before unfreezing accounts restrained pursuant to a TRO.

4